# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.K., C.K., and O.F.**

**No. 13-1030** (Mingo County 12-JA-67, 12-JA-68, and 12-JA-82)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Kathryn Cisco-Sturgell. Her appeal arises from the Circuit Court of Mingo County, which terminated her parental rights to the subject children by order entered on September 13, 2013. The guardian ad litem for the children, Lauren Thompson, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, William P. Jones, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court abused its discretion by terminating her parental rights, and by denying her post-termination visitation and an improvement period at disposition. Petitioner asserts that the evidence upon which these rulings were based was not clear and convincing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed an abuse and neglect petition in this case in September of 2012 after it received a referral from the Tug Valley Recovery Center, where petitioner and the children were residing. The DHHR's investigation provided that petitioner was having hallucinations and delusions that three-year-old C.K. was possessed and that there was someone in a tree outside throwing blood at her. The DHHR also discovered that petitioner once left one-year-old J.K. on a shaky table by herself; that on another occasion, petitioner and J.K. went missing from the center for about twenty-five minutes; that petitioner suffers from a bipolar condition for which she has refused treatment; that she has left the children unsupervised; and, that she once gave child C.K. a double dose of medicine because she had forgotten to give him a dose the prior day. At the preliminary hearing on this matter, the circuit court found probable cause for the abuse and neglect petition to proceed.

At the adjudicatory hearing in October of 2012, the circuit court found that petitioner's mental illness significantly impaired her ability to adequately parent her children and that, due to this impairment, petitioner neglected and failed to protect her children. At the dispositional hearing in March of 2013, the family's Child Protective Services ("CPS") worker testified about her concerns with petitioner's unstable mental health and unstable housing. Petitioner had been living with her mother, who had an extensive CPS history herself, and her brother, who sexually

abused petitioner when they were children. Petitioner testified and admitted to missing some of her scheduled appointments with in-home services. Petitioner's psychological evaluation indicates that she was noncompliant with services and treatment and that she admitted that once after she "got scared," she left for five to six days from the Tug Valley center and "ran" to Tennessee by walking and hitchhiking. The circuit court entered a termination order on September 13, 2013. From this order, petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court abused its discretion in terminating her parental rights because the evidence upon which the termination was based was not clear and convincing. Petitioner asserts that she followed through with recommended rehabilitative efforts and worked adamantly on acquiring a separate home away from her mother. Upon our review of the record, we find no error in the circuit court's findings. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), a parent failing to respond to rehabilitative efforts is considered a circumstance in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The record reveals that petitioner failed to keep all of her psychiatric appointments or diligently maintain treatment for her bipolar condition. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Next, petitioner argues that the circuit court abused its discretion by not granting her post-termination visitation because termination of visitation was not based upon clear and

convincing evidence. Petitioner asserts that there was no evidence that supervised visitation would be harmful to the children. This Court has held the following:

> When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christine L.*, 194 W.Va. 446, 460 S.E.2d. 692 (1995). Our review of the record reveals that the circuit court found that the combination of petitioner's failure to benefit from services and the children's needs for permanency indicate that post-termination visitation would be contrary to the children's best interests. We find no error in these findings and conclusions.

Lastly, petitioner argues that the circuit court abused its discretion by denying her a post-dispositional improvement period. Petitioner reiterates that she had been working on acquiring a home separate and apart from her mother throughout the case. Petitioner asserts that she testified at the dispositional hearing that she would have such a home within the following five days. Our review of the record indicates no error by the circuit court. Pursuant to West Virginia Code § 49-6-12, a parent who moves for an improvement period bears the burden of showing by clear and convincing evidence that he or she would substantially comply with the terms of the improvement period. Under this statute, the circuit court has the discretion to grant or deny such a motion. The record provides that throughout the duration of this case, petitioner failed to acquire an appropriate home for her and her children, despite being provided access to housing. Petitioner was also not diligent in keeping all of her appointments with psychiatric services. We find no error with the circuit court's denial of an improvement period at disposition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II